Gregory B. Smith USB 6657
ALAPC
111 East 5600 South #105
Murray, UT 84107
(801) 651-1512
gs@justiceinutahnow.com
*Attorney for Plaintiff*

Christina M. Jepson, USB 7301
Alissa M. Mellem, USB 13299
Kimball Dean Parker, USB 16318
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
cjepson@parsonsbehle.com
amellem@parsonsbehle.com
kParker@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Defendants*

**IN THE UNITED STATES' DISTRICT COURT**
**STATE OF UTAH**

| | |
|---|---|
| KRISTA KEEL,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC, et al.<br><br>Defendant. | **STIPULATED MOTION TO APPROVE SETTLEMENT, AND TO CLOSE CASE**<br><br>**CASE NO. 2:17-CV-00667**<br><br>**JUDGE JILL N. PARRISH**<br><br>**MAGISTRATE JUDGE EVELYN J. FURSE** |

Pursuant to the United States Fair Labor Standards Act of 1938 (29 U.S.C.A. § 201), and *Lynn's Food Stores* F.2d 1350, 1352–53 (11th Cir. 1982), the Parties move the Court to approve their settlement, find the Parties' agreement to be fair and

4823-9675-7347v1

reasonable, and close the case.

The Parties contend that the *Peterson* factors weigh in favor of the Court approving the proposed settlement for the following reasons:

1. Defendant O'Reilly operates an auto parts store, which earns more than $500,000 annually, and has more than two (2) employees.
2. The Plaintiff performed work for same, which was a non-exempt position under the FLSA.
3. Plaintiff claimed she occasionally worked more than 40 hours per work week, but claimed she was not properly paid overtime wages.
4. Upon receiving notice about the issues, Defendant O'Reilly reviewed its books, and calculated the amounts that could possibly be owed (if any at all) under Plaintiff's theory.
5. Plaintiff at all times was represented by competent legal counsel.
6. Both parties felt the facts of the case were in dispute and were not clearly in either party's favor, so a settlement was proper.
7. In this case, the Defendant could argue in good faith that Plaintiff did not work as many hours as she had claimed, that the drive time she claimed was not compensable time, and that there was no provable retaliation.
8. The Parties substantively agree that this case has complex facts, which could lead to an unpredictable outcome.
9. The amount offered by Defendant to Plaintiff could likely be the maximum amount of recovery to which Plaintiff would be entitled to if she successfully proved her claims.
10. Further, the FLSA also requires that a settlement agreement include an award of reasonable attorney's fees, and this agreement provides for such.

11. In other words, the Plaintiff will get paid, and the Defendant will pay her legal fees, so that the legal fees will not come out of what is paid to Plaintiff. These amounts are confidential but the parties request that the Court review the settlement agreement in camera.

12. The Court should deem the agreement fair and equitable.

13. For the reasons stated, the Court should approve the Parties' proposed settlement, and order this case closed.

DATED this 25th day of April, 2018.


/s/ Gregory B. Smith

_____
Gregory B. Smith
Attorney for Plaintiff

Approved as to form:
/s/ Christina M. Jepson
/s/ Alissa M. Jepson
Christina M. Jepson, USB 7301
Alissa M. Mellem, USB 13299
Attorneys for O'Reilly